304 Ga. 512

FINAL COPY

S18A0784. GRAMIAK v. BEASLEY.

BENHAM, Justice.

This case involves the grant of a post-conviction petition for habeas corpus. After a jury trial, Isaac Beasley was found guilty of rape, aggravated sodomy, kidnapping with bodily injury, and aggravated assault. He was convicted and sentenced to 20 years for the rape offense, 10 years for aggravated sodomy, to be served consecutive to the rape sentence, life imprisonment for kidnapping with bodily injury, to be served concurrent with the sentence for rape, and 10 years for aggravated assault, to be served concurrent with the sentence for aggravated sodomy. Beasley's direct appeal was affirmed by the Court of Appeals in an unpublished decision. *Beasley v. State*, 331 Ga. App. XXV (Case No. A14A1522) (March 16, 2015) Beasley then filed a pro se habeas petition in which he asserted he received ineffective assistance of appellate counsel for failure to raise on direct appeal Beasley's claim that trial counsel failed to advise him that he faced a

mandatory life sentence if convicted of the kidnapping charge. He claimed that if he had been properly advised by trial counsel, he would have accepted the State's offer of a twenty-year sentence, to serve ten years in prison, with respect to the rape charge and to nolle pros the remaining charges. After the habeas court hearing at which Beasley appeared pro se, but did not testify, Beasley obtained counsel who submitted a proposed order granting the habeas petition.

The habeas court adopted counsel's proposed order setting aside the convictions and sentences. The final order concluded that Beasley's trial counsel provided deficient representation when he failed to advise Beasley that he would face a mandatory life sentence if convicted of kidnapping with bodily injury. The order also concluded that appellate counsel was ineffective for failing to raise the issue on appeal because there was a reasonable probability of a different result on appeal if the issue had been raised. These conclusions were based on the habeas court's finding that, had Beasley been advised of the mandatory sentence he was facing, he would have pleaded guilty and would have been sentenced to serve ten years in prison.

The respondent warden appeals. On appeal from the decision of a habeas court that raises ineffective assistance of counsel, this Court will adopt the habeas court's findings of fact unless they are clearly erroneous, but we will apply the facts to the law de novo to determine whether counsel performed deficiently and whether any deficiency was prejudicial. See *Humphrey v. Morrow*, 289 Ga. 864, 866 (717 SE2d 168) (2011). For the reasons set forth below, we vacate the habeas court's order and remand for further proceedings.

I.

Under the familiar test of *Strickland v. Washington*,[1] to prevail on a claim of ineffective assistance of counsel, the party asserting the claim must demonstrate both deficient performance of counsel and prejudice as a result of it. Where the issue is the ineffective assistance of appellate counsel, the showing of prejudice calls for a demonstration that a reasonable probability exists that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different. See *Humphrey v. Lewis*, 291 Ga. 202, 211 (IV) (728 SE2d 603) (2012), citing *Nelson v. Hall*, 275 Ga. 792, 794

---

[1] 466 U. S. 668, 678 (III) (104 SCt 2052, 80 LE2d 674) (1984).

(573 SE2d 42) (2002). Consequently, where the alleged ineffective assistance of *appellate* counsel is premised upon the failure to raise ineffective assistance of *trial* counsel on direct appeal, two layers of fact and law are involved in the analysis of the habeas court's decision.

To find that appellate counsel provided ineffective assistance, a reviewing court must find appellate counsel's failure to raise trial counsel's ineffectiveness on appeal represents deficient professional conduct. Even if deficient performance of appellate counsel is shown, a demonstration of prejudice requires a showing that, had the ineffective assistance of trial counsel been raised on direct appeal, a reasonable probability exists that the outcome of the appeal would have been different. This, in turn, requires a finding that trial counsel provided deficient representation and that the defendant was prejudiced by it. In this case, if Beasley cannot show his trial counsel provided ineffective assistance of counsel, then Beasley also cannot show ineffective assistance of appellate counsel, because an attorney is not deficient for failing to raise a meritless issue on appeal. See *Shelton v. Lee*, 299 Ga. 350, 357 (3) (788 SE2d 369) (2016); *Humphrey v. Lewis*, supra, 291 Ga. at 214 (V) (A) (i). Because the ineffectiveness of trial counsel plays a role in both prongs of the test of ineffectiveness of appellate counsel, we start

by examining whether Beasley has demonstrated that trial counsel was ineffective.

## A.

Addressing first the deficient performance prong of ineffective assistance, the habeas court correctly concluded that trial counsel's performance was deficient. The transcript of the motion for new trial hearing, which was made a part of the habeas court record, shows trial counsel acknowledged he did not discuss with Beasley the possibility that he could face a life sentence if convicted because it was counsel's belief that even the combined sentences on all counts charged would not result in a life sentence. In fact, a conviction for kidnapping with bodily injury carries a mandatory life sentence. See OCGA § 16-5-40 (d) (4). A defendant is entitled to be fully informed of certain consequences of his decision to accept or reject a plea offer, including the right to the informed legal advice of counsel regarding the possible sentences that could be imposed following a

conviction at trial.[2]  See *Cammer v. Walker*, 290 Ga. 251, 255 (2) (719 SE2d 437) (2011).

B.

To establish ineffective assistance of trial counsel, however, Beasley must also show he was prejudiced by trial counsel's deficient performance. See *Hall v. Lewis*, 286 Ga. 767, 770 (II) (692 SE2d 580) (2010) ("To decide whether [an appellant] was prejudiced by appellate counsel's failure to raise trial counsel's ineffectiveness, this Court must examine the underlying ineffectiveness of trial counsel claim and determine whether that claim would have had a reasonable probability of success.").  See also *Rozier v. Caldwell*, 300 Ga. 30, 32 (2) (793 SE2d 73) (2016) (because the habeas petitioner failed to show that his counsel on direct appeal could have prevailed on the claim that his trial counsel was ineffective, his claim of ineffective assistance of appellate counsel was found to be without merit).

---

[2]  The warden argues that the transcript of the pre-trial hearing at which the plea offer was discussed shows the prosecutor recited that the "only sentence" for kidnapping with bodily injury count is life, and that Beasley was therefore aware of the punishment he faced if convicted.  But the habeas court noted that at the sentencing hearing both trial counsel and the trial court appeared to be unaware, until corrected by the prosecutor, that the kidnapping conviction carried a mandatory life sentence.  Therefore, the habeas court concluded that Beasley's counsel was unaware of the mandatory nature of the sentence and that Beasley was not properly informed of the consequences of his plea decision.  We find these factual conclusions were not clearly erroneous.

In a case such as this one, involving the alleged ineffective assistance of counsel in the context of a rejected plea offer, the United States Supreme Court has held that where the performance of a criminal defendant's trial counsel was deficient, the defendant "must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U. S. 156, 163 (II) (B) (132 SCt 1376, 182 LE2d 398) (2012). Three criteria must be met to satisfy the prejudice prong of the *Strickland* test. The defendant must show:

> [1] that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 164. See also *Missouri v. Frye*, 566 U. S. 134 (132 SCt 1399, 182 LE2d 379) (2012).[3] While this Court has not expressly applied this multi-

---

[3] Both *Frye* and *Lafler* involved cases in which trial counsel's conduct was deficient because counsel had either failed to communicate a plea offer to the defendant or had advised the defendant to reject an offer, whereas in this case the plea offer was rejected after trial counsel communicated the plea offer but provided inadequate legal advice regarding the mandatory sentence that would be imposed upon conviction. As the Supreme Court noted in *Lee v. United States*, __U. S. __ n.1 (137 SCt 1958, 198 LE2d 476) (2017), however, *Frye* and *Lafler* articulated the way to show prejudice in the context of plea offers not accepted.

step requirement for satisfying the prejudice prong for ineffective assistance of counsel in the context of a rejected plea offer, the Court of Appeals has done so. See *Walker v. State*, 341 Ga. App. 742, 745-746 (801 SE2d 621) (2017); *State v. Lexie*, 331 Ga. App. 400, 403-404 (771 SE2d 97) (2015). Because the courts of this State are obligated to follow the rulings of the United States Supreme Court with respect to the Sixth Amendment standard for determining prejudice in cases asserting ineffective assistance of counsel, Georgia courts must apply the standard established in *Lafler* and *Frye* for demonstrating compliance with the Sixth Amendment right of counsel in cases involving plea offers. Accord *Alcorn v. State*, 121 S3d 419 (III) (Fla. 2013) (concluding that the requirements imposed by the United States Supreme Court to demonstrate prejudice in cases involving the assertion that the defendant received ineffective assistance of counsel during the plea-bargaining process apply to the courts of Florida under the Sixth Amendment).

The third criterion for demonstrating prejudice is readily established in this case. The sentence under the offer's terms (if accepted by the defendant and the trial court) would have been less severe than the mandatory life

sentence imposed for the conviction for kidnapping with bodily injury.  It is the first and second criteria that pose difficult issues in this case.

C.

With respect to whether the plea offer would have been presented to the trial court, the record reflects no intervening circumstances that might have prompted the State to withdraw its plea offer since the plea hearing was held immediately prior to the trial's commencement.  But a conclusion that the plea offer would have been presented for approval to the trial court also requires a finding that Beasley would have accepted the plea had he been advised by counsel that a life sentence was mandatory for a conviction for the kidnapping with bodily injury charge.  See *Lafler v. Cooper,* supra, 566 U. S. at 164 (II) (B).  No direct evidence was presented to the habeas court on this issue.  Beasley did not provide sworn testimony at the habeas hearing or at the motion for new trial hearing.  The habeas court simply recited that Beasley had consistently asserted in his motion for new trial and appeal that he would have pleaded guilty had he known he was facing this mandatory sentence.  Arguments and representations made in court briefs, however, do

not constitute record evidence to support a finding of fact.  See *Brown v. Fokes Props. 2002, Inc.*, 283 Ga. 231 (657 SE2d 820) (2008).

Before *Lafler* and *Frye*, this Court held that in a case in which the defendant complains he went to trial instead of pleading guilty because his plea counsel provided deficient representation, prejudice from counsel's deficient performance "can only be shown by some indication that the defendant was amenable to the offer made by the state."  *Lloyd v. State*, 258 Ga. 645, 648 (2) (b) (373 SE2d 1) (1988).  Rather than adopting a strict rule to govern this issue — such as a presumption that a defendant would have accepted any plea offer that was more favorable than the actual outcome of the trial had he received constitutionally effective representation of plea counsel, or a requirement that a defendant show he had evidenced a pre-verdict interest in entering a plea — this Court stated:  "[W]e prefer to examine the facts of each case and grant relief where there is at least an inference from the evidence that the defendant would have accepted the offer as made or something similar [but for counsel's deficient representation]."  Id.  Later, this Court clarified that the *Lloyd* opinion was not intended to lower the evidentiary burden for establishing *Strickland* prejudice in the context of plea negotiations.  *Cleveland v. State*, 285 Ga. 142, 146 (674 SE2d

289) (2009). In *Cleveland*, applying a clearly erroneous standard of review, we affirmed a trial court's finding, in its order denying a new trial, that the criminal defendant failed to demonstrate a reasonable probability he would have accepted the pretrial plea offer made, but for his trial counsel's failure to advise him adequately regarding certain incriminating evidence that would be admitted at trial. Id. at 147-148. Although the defendant in *Cleveland* testified at the hearing on his motion for new trial that he would have accepted the plea offer had he been properly advised of the admissible evidence, the trial court made a credibility determination and rejected that self-serving testimony in light of the defendant's trial testimony declaring his innocence. See also *Childrey v. State*, 294 Ga. App. 896, 899 (670 SE2d 536) (2008) (recognizing the self-serving nature of a defendant's post-conviction testimony about his intent to accept a plea offer if his counsel had properly advised him of the mandatory sentence he faced if convicted). Notwithstanding the habeas court's conclusion in the case now before us that Beasley received inadequate legal representation at the plea stage in that he did not appear to have been advised that he faced a mandatory life sentence if convicted on the kidnapping charge, a claim of ineffective assistance requires a showing of prejudice from the deficient representation. In the context of

the rejection of a plea offer, this requires a showing that a reasonable likelihood exists that he would have accepted the plea offer but for trial counsel's deficient representation. ⁻

The United States Supreme Court, also, has emphasized the need for a case-by-case examination of the totality of the evidence to determine if prejudice is shown by plea counsel's deficient performance. See *Lee v. United States*, __ U. S. __ (137 SCt 1958, 198 LE2d 476) (2017) (involving a defendant's attempt to set aside his guilty plea conviction on the ground that he would not have entered a guilty plea had he been properly informed that such a plea would result in deportation). Additionally, the Supreme Court has indicated that a court should look to contemporaneous evidence to substantiate a defendant's post hoc assertion that he would not have pleaded guilty but for his attorney's deficiencies in adequately representing him at the plea stage. Id. at __ (II) (C). In *Lee*, the record clearly indicated that the defendant's primary concern at the time he entered his guilty plea was avoidance of deportation, and that he would have accepted the almost certain risk of conviction at trial which would have resulted in deportation rather than the absolute certainty of deportation upon the court's approval of a guilty plea. Id.

The circumstances in this case are different from those in *Lee*. For one, in *Lee*, the defendant sought to set aside his guilty plea on the ground his trial counsel did not properly inform him of the consequences of accepting the plea offer, whereas in this case the defendant seeks relief from his trial conviction and sentence on the ground his trial counsel did not properly inform him of the consequences of rejecting the plea offer and risking a conviction after trial. Moreover, in the case now before us, the record contains, at best, conflicting contemporaneous evidence with respect to whether Beasley would have accepted the State's plea offer, as opposed to the clear indication in *Lee* that the defendant would not have accepted the plea offer but for trial counsel's deficient representation. Beasley's trial counsel testified at the motion for new trial hearing that Beasley was uninterested in discussing a plea deal and was focused on contesting the facts of the case at trial. On the other hand, on cross-examination by the State, trial counsel agreed with the prosecutor's apparent mischaracterization of his direct testimony (without objection) as being that although Beasley was interested in a plea, he wanted to contest the case.

Of course, as noted above, trial counsel failed to explain to Beasley that he would face a mandatory life sentence if convicted of the kidnapping

charge, from which the habeas court could reasonably conclude that Beasley's decision was not a fully informed one. The significant difference between the ten-years-to-serve punishment offered by the State versus the mandatory life sentence Beasley faced if convicted at trial serves as additional evidence that could support an inference regarding the reasonable probability that Beasley would have accepted the plea offer but for deficient representation of counsel. See *Daniel v. State*, 342 Ga. App. 448, 453 (2) (b) (803 SE2d 603) (2017). See also *Lloyd v. State*, supra, 258 Ga. at 648 (2) (b) (relief may be granted "where there is at least an inference from the evidence" that the defendant would have accepted a plea offer but for counsel's deficient representation). At the habeas court hearing, appellate counsel testified that his notes from a conversation with Beasley's fiancée indicated that Beasley's trial attorney told Beasley and her that the maximum sentence he would face was 20 years, and that counsel figured under a worst case scenario Beasley would be released in about 14 years if convicted at trial. According to these notes, the fiancée told appellate counsel that Beasley would have accepted the plea offer if he had known he was facing a mandatory life sentence.[4] Given this scant evidence, we cannot conclude as a

---

[4] Although this testimony was based upon double hearsay, no objection was raised.

matter of law that Beasley either would or would not have accepted the State's plea offer if trial counsel had properly advised him on the issue of punishment upon conviction. This record evidence, though weak, creates an issue for determination by the habeas court with respect to whether a reasonable probability exists that Beasley would have accepted the State's plea offer, but for the deficient advice of counsel.

On remand, the habeas court is directed to make a finding based on evidence in the record as to whether Beasley would have accepted the State's plea offer if he had been afforded effective assistance of trial counsel who adequately informed him that he would face a mandatory life sentence upon conviction of the kidnapping charge. See *Lloyd v. State*, supra, 258 Ga. at 648 (2) (b). Establishing a reasonable probability that the defendant would have accepted the plea offer if he had been afforded reasonably competent advice of counsel involves a prediction about the defendant's action. But "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, supra, 466 U. S. at 669. Accordingly, the probability that a defendant would have accepted a plea offer needs only to be sufficient to undermine the confidence that the plea would not have been accepted even if trial counsel had provided effective

assistance at the plea stage. See *Odegaard v. Florida*, 137 S3d 505, 512 (Fla. Dist. Ct. App. 2014) (LaRose, J., concurring specially). See also *Daniel v. State*, supra, 342 Ga. App. at 454 (2) (b) (reversing the trial court's conclusion that a defendant would not have accepted the State's plea offer even if he had been properly advised because counsel's erroneous advice left him without a proper understanding of the sentence he was facing or the gravity of the risk of losing at trial). Compare *Osley v. United States*, 751 F3d 1214, 1225 (III) (A) (11th Cir. 2014) (rejecting a defendant's claim that he would have accepted a plea offer had he known he was facing a mandatory minimum sentence upon conviction where the record showed he had rejected a plea offer with a significantly lower sentence and had maintained his innocence before and after trial).

If, on remand, the habeas court determines there was no reasonable probability that Beasley would have accepted the plea but for the deficient performance of trial counsel, then applying the *Lafler* test, the court would be required to deny habeas relief. If Beasley cannot establish a reasonable likelihood that he would have prevailed on direct appeal, then even assuming appellate counsel's performance was deficient because he failed to raise

ineffective assistance of trial counsel on appeal, Beasley fails to demonstrate prejudice from that failure.

D.

With respect to the second criterion of the *Lafler* test — that the trial court would have accepted the terms of the offered plea — the habeas court made no finding, apparently failing to recognize that *Lafler* added criteria to the prejudice analysis for rejected plea offers that this Court had set forth in *Lloyd* and *Cleveland*. In Georgia, a trial court is not bound by a plea agreement between the defendant and the State and has the discretion to refuse to accept a negotiated guilty plea. See Uniform Superior Court Rule 33.5 (C); *State v. Germany*, 246 Ga. 455 (1) (271 SE2d 851) (1980); *Walker v. State*, 341 Ga. App. 742, n. 1 (801 SE2d 621) (2017). Consequently, a showing of prejudice as a result of plea counsel's deficient performance requires the defendant to show a reasonable probability that the trial court would not have refused to accept the plea. *Missouri v. Frye*, supra, 566 U. S. at 147 (II) (C).

Making such a showing may be difficult in the context of a habeas proceeding because it requires a prediction about what the trial court would

have done had the defendant accepted the plea offer. But, similar to a determination of a reasonable probability that the defendant would have accepted the plea offer if he had been afforded reasonably competent advice of counsel, the probability that the trial court would have accepted the plea needs only be sufficient to undermine the confidence that the plea would not have been approved.

At a brief hearing conducted immediately prior to trial at which Beasley reiterated his not guilty plea, the trial court asked whether any plea discussions had been conducted with the defendant. The court was informed of the terms of the offer that was made and that the State would recommend a sentence of ten years to serve if the offer was accepted, but counsel announced that Beasley rejected the offer. The court did not indicate it would have accepted the recommended sentence if Beasley had entered a guilty plea, but also expressed no concern about the plea offer. At the sentencing hearing after the return of the jury's verdict, the trial court initially announced that with respect to the kidnapping with bodily injury charge, it would sentence Beasley to ten years to serve. After a bench conference that was not transcribed, the trial court stated it had been advised that the kidnapping with bodily injury conviction carries a mandatory sentence of life

imprisonment and sentenced Beasley accordingly. Based on this evidence, it is possible to conclude that the trial court would have accepted the offered guilty plea if Beasley had accepted it. On remand, if the habeas court finds a reasonable probability that Beasley would have accepted the plea offer, the habeas court must make a finding as to whether there was a reasonable probability that the trial court would have accepted the guilty plea under the terms the State offered. If not, then applying the *Lafler* test, the court would be required to deny habeas relief. If Beasley cannot establish a reasonable likelihood that the trial court would have accepted the offered guilty plea, then even assuming appellate counsel's performance was deficient because he failed to raise ineffective assistance of trial counsel on appeal, Beasley fails to demonstrate prejudice from that failure.

## II.

Finally, we address the issue of whether appellate counsel provided constitutionally ineffective assistance. The required prejudice prong of this analysis is discussed above. But to prevail on his claim that appellate counsel's failure to raise ineffective assistance of trial counsel on appeal

establishes ineffective assistance of appellate counsel, Beasley must also demonstrate that this omission represents deficient professional conduct — that is, that it was "outside the wide range of professionally competent assistance." *Strickland v. Washington*, supra, 466 U. S. at 690 (III) (A). This requires a showing that no reasonable attorney would have made the same choice with respect to raising, or failing to raise, an issue on appeal. See *Trim v. Shepard*, 300 Ga. 176, 177 (794 SE2d 114) (2016). Compare *State v. Worsley*, 293 Ga. 315, 323 (3) (745 SE2d 617) (2013) (addressing deficient performance of trial counsel). "And to carry that burden, the defendant must show these things by competent evidence . . . ." *Worsley*, 293 Ga. at 324.

Among other things, appellate counsel testified at the habeas hearing about his experience and qualifications as appellate counsel in criminal cases and about his process for deciding which issues to raise on Beasley's appeal. Appellate counsel raised ineffective assistance of trial counsel on this ground in Beasley's amended motion for new trial, but then expressly abandoned that claim. On direct appeal he did not raise this issue and instead picked only the issues he thought had the best chance of success after speaking to Beasley, trial counsel, the investigator who helped prepare Beasley's defense, and Beasley's fiancée. As noted earlier in this opinion, appellate counsel

disclosed that a note in his file indicated Beasley's fiancée told him Beasley would have pleaded guilty had he known he was facing a life sentence upon conviction. Counsel, however, was not questioned about, and did not testify to, any analysis he made concerning whether he could demonstrate both deficient performance of trial counsel and prejudice resulting from it and therefore prevail on appeal. Based on his investigation of possible grounds for appeal, counsel testified he advised Beasley to raise on appeal only issues relating to venue and an arguably improper jury charge, and to wait to raise ineffective assistance of trial counsel until the habeas stage should he lose the direct appeal. Even though Beasley wanted him to raise ineffective assistance of trial counsel on appeal, counsel testified he raised those issues he thought were the "best issues." The Court of Appeals rejected the issues that were raised on appeal and affirmed the trial court.

On remand, even if the habeas court finds ineffective assistance of trial counsel, and also finds appellate counsel's decision not to pursue the issue on appeal prejudiced Beasley because it was likely a winning argument, the habeas court must make a determination of whether the failure to pursue this issue amounts to deficient performance of appellate counsel. The habeas court order incorrectly recites that if a reasonable probability of a different

result exists if an issue had been raised on appeal, then "it follows" that appellate counsel was deficient for failing to raise the issue on appeal. This is an incorrect analysis of the issue. "With respect to deficient performance, we have explained that the question is not whether an appellate attorney's decision not to raise a particular issue was correct or wise, but rather, whether his decision was an unreasonable one which only an incompetent attorney would adopt." (Citation and punctuation omitted.) *Trim v. Shepard*, supra, 300 Ga. at 177. See also *Hooks v. Walley*, 299 Ga. 589, 592 (791 SE2d 88) (2016).[5] To prevail on the deficiency prong of the *Strickland* test requires the

---

[5] Importantly, the question in assessing deficient performance of *appellate* counsel is not whether, in fact, Beasley would have accepted the State's plea offer had he not received deficient advice from *trial* counsel about his sentence exposure, as we discussed earlier and have directed the habeas court to determine on remand. Nor is the relevant question whether appellate counsel reasonably thought that a claim of ineffective assistance of trial counsel would be successful if raised in a future habeas proceeding. Instead, for appellate counsel to be deemed deficient, it must be shown that appellate counsel made an objectively unreasonable prediction about whether the trial court would decide on motion for new trial that trial counsel was ineffective. As part of this showing, it must be demonstrated that appellate counsel made an objectively unreasonable prediction about Beasley's ability to satisfy the *Lafler* criteria for showing prejudice from trial counsel's performance, including whether Beasley could show that he would have accepted the State's plea offer had he been advised of the mandatory life sentence for kidnapping with bodily injury. And the reasonableness of that prediction must be assessed not in hindsight, but rather, based on the information available to appellate counsel at the time he was deciding which issues to pursue on the motion for new trial (and then on direct appeal, if the trial court denied the motion). That information notably did not include Beasley's own account about whether he would have accepted the plea offer if properly advised. We note that if Beasley had testified to that at the motion for new trial hearing, his testimony would have been subject to the crucible of cross-examination and the trial court would have been allowed to make a direct assessment of his credibility. We also note that deciding whether to call a witness, including one's own client, is normally considered a matter of strategy based in part on counsel's assessment of whether the witness would be credible; and in any event, a court cannot speculate about what Beasley's testimony would have been, because even in the habeas proceeding, no such testimony was offered. See *McDuffie v. State*, 298 Ga. 112, 116 (779 SE2d 620) (2015). Against this absence of direct evidence from Beasley, appellate counsel had

petitioning party to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, supra, 466 U. S. at 687 (III). Further, judicial scrutiny of counsel's performance must be highly deferential to counsel's conduct and must apply the strong presumption that counsel's conduct falls within the broad range of professional competence. See, e.g., *Mosby v. State*, 300 Ga. 450, 455 (2) (796 SE2d 277) (2017). The habeas court did not consider, and the parties did not adequately brief either the habeas court or this Court on, whether appellate counsel's performance was outside the range of professionally competent assistance that is required by the deficient performance prong of *Strickland*. Accordingly, we decline to make a determination regarding the sufficiency of appellate counsel's professional conduct in the first instance, and remand this issue to the habeas court.

III.

---

available only trial counsel's at-best equivocal testimony about Beasley's inclination to enter a negotiated plea, the post-conviction hearsay statement of Beasley's fiancée that Beasley would have accepted the plea offer if properly advised, and the significant differential between the sentence under the plea offer versus the sentence if convicted of kidnapping.

In summary, we vacate the habeas court's order granting Beasley's petition for habeas relief and remand for further consideration and findings in accordance with this opinion. This includes a required determination of whether prejudice resulted from trial counsel's deficient representation. On remand, the habeas court is instructed to apply the prejudice test for trial counsel's performance set forth by the United States Supreme Court in *Lafler* and *Frye*. Only if both deficient representation by trial counsel and prejudice as a result of that deficiency are found is there a reasonable probability that Beasley would have prevailed had he raised ineffective assistance of trial counsel on appeal. And even if the habeas court reaches this conclusion and determines that Beasley was prejudiced by appellate counsel's failure to raise ineffective assistance of trial counsel on direct appeal, ineffective assistance of appellate counsel requires a finding that counsel's performance was deficient by his failure to raise that issue.

Additionally, if the habeas court concludes both prongs of the ineffective assistance test for appellate counsel are met, then the habeas court must consider the remedy for that violation of Beasley's Sixth Amendment

right to effective assistance of counsel.[6]  "[A] remedy must neutralize the taint of a constitutional violation . . . while at the same time not grant a windfall to the defendant . . . ." (Citation and punctuation omitted.)  *Lafler v. Cooper*, supra, 566 U. S. at 170 (II) (C).

Judgment vacated and case remanded with direction.  All the Justices concur.

Decided October 9, 2018.

Habeas corpus. Ware Superior Court. Before Judge Blount, Senior Judge.

Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General, for appellant.

Zell & Zell, Rodney S. Zell, for appellee.

---

[6] The habeas court's order set aside Beasley's conviction and sentence in its entirety.  If on remand, however, the habeas court again grants the petition for habeas relief then it follows that, based upon the acceptance of his guilty plea, Beasley would have been convicted of the rape charge and sentenced to twenty years with ten years to serve.  The remedy issue was not briefed by the parties in this Court, but if that issue is reached on remand, it should be briefed by the parties below and considered by the habeas court.